NOT DESIGNATED FOR PUBLICATION

No. 110,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Guardianship and Conservatorship of:
ROSA LEE RANEY.

MEMORANDUM OPINION

Appeal from Trego District Court; GLENN BRAUN, judge. Opinion filed October 9, 2015. Affirmed in part and denied in part.

*Caleb Boone*, of Hays, for appellant Carl Raney.

*Donald F. Hoffman*, of Dreiling, Bieker & Hoffman, of Hays, and *Tony A. Potter*, of Potter Law Office, P.A., of Hill City, for appellee Wayne Raney.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: Rosa Lee Raney suffered a stroke and asked for the appointment of a conservator to manage the day-to-day decisions involving her financial affairs. Initially, pleadings were filed in Gove County asking for the involuntary appointment of a guardian and conservator for Rosa, but before the petition was heard, it was dismissed. Then Rosa voluntarily petitioned the Trego County District Court for the appointment of her son, Wayne Raney, as her conservator. Rosa's other son, Carl Raney, objected and has continued to object after Wayne was appointed conservator, claiming Wayne has breached his fiduciary duty as conservator for their mother. After a full-day hearing and upon receipt of written closing arguments, the district court found there had been no breach by Wayne of his fiduciary duty as he managed Rosa's conservatorship. We find the district court carefully analyzed the facts of this case and did not abuse its discretion

1

in approving Wayne's actions as conservator for Rosa and in continuing his appointment as conservator. We affirm.

FACTS

On March 23, 2010, Rosa suffered a stroke. Shortly thereafter, her son Wayne and daughter, Virginia Cauthorn, petitioned in Gove County for Wayne to be appointed as her conservator. On the day the petition was set for hearing in Gove County, it was dismissed. Through her attorney, S. Philip Stover, Rosa then filed a petition in Trego County for the voluntary appointment of her son, Wayne, as guardian and conservator of her estate. The guardianship portion of the petition was later dismissed. The record reflects that since the establishment of this conservatorship, Rosa has been actively involved in many of the management decisions made by Wayne.

Though Rosa requested the district court appoint Wayne as conservator, Carl objected to Wayne's appointment. Rosa's daughter, Virginia, had no objection to Wayne's appointment. The district magistrate judge granted Rosa's request over Carl's objection and appointed Wayne as conservator. Carl appealed the magistrate judge's decision. Prior to the hearing, Carl filed a motion for summary judgment. The motion for summary judgment and the appeal of the magistrate judge's ruling were heard by the district court at the same time.

The district court affirmed the appointment of Wayne as conservator finding that while Wayne may not have followed the letter of the law, he had followed the intent of the law. The district court found Wayne had not breached his fiduciary duty and that his appointment would continue based on Wayne's review of the Basic Instructions for Conservators and that he execute an affidavit of completion. Carl appeals the district court's decision. Additional facts will be discussed as necessary.

2

ANALYSIS

On appeal, Carl argues the district court abused its discretion in failing to remove Wayne as conservator because Wayne repeatedly violated his fiduciary duty as their mother's conservator.

The removal of a conservator is governed under K.S.A. 59-3088 and K.S.A. 59-3089. K.S.A. 59-3088(e) states:

"[I]f the court finds, by a preponderance of the evidence, that the guardian or conservator, or both, should be permitted to resign, or should be removed for failure to fulfill the duties or responsibilities of being a guardian or conservator, or for the manner in which the guardian or conservator has exercised the powers or authorities granted to the guardian or conservator, the court may so order and in such case shall revoke the letters of guardianship or conservatorship, or both, previously issued pursuant to K.S.A. 59-3069."

K.S.A. 59-3089(c) states:

"At the conclusion of the hearing, if the court finds, by a preponderance of the evidence, that the guardian or conservator, or both, has failed to faithfully or diligently carry out such person's duties or responsibilities or to properly exercise such person's powers or authorities, the court may remove the guardian or conservator, or both, and in such case, the court shall revoke the letters of guardianship or conservatorship, or both, previously issued pursuant to K.S.A. 59-3069, and amendments thereto. Otherwise, the court may issue appropriate orders further directing the guardian or conservator, or both, with regard to the performance of such person's duties or responsibilities or the exercise of such person's powers or authorities, or the court may dismiss the proceedings."

The district court's decision to remove or retain a conservator is reviewed under an abuse of discretion standard. See *In re Lake*, 7 Kan. App. 2d 586, 588 (1982). A judicial

3

action constitutes an abuse of discretion if the action is arbitrary, fanciful, or unreasonable, or is based on an error of law or fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *Northern Natural Gas Co.*, 296 Kan. at 935.

Carl has failed to demonstrate how the district court abused its discretion. Each of Carl's arguments on appeal were considered and addressed by the district court. The district court held:

> "[T]here is no question that Wayne has not strictly complied with K.S.A. 59-3078 and the 'Basic Instructions for Conservators' established by the Kansas Judicial Council. If this was all Carl was required to prove to remove Wayne as conservator, then Wayne's admissions to Carl's Statement of Uncontroverted Facts filed with the Motion for Summary Judgment would provide the basis. However, as pointed out by Carl in his Proposed Findings of Fact and Conclusions of Law submitted to this court, the court must determine what is in the best interests of the conservatee and whether Wayne has performed his duties and responsibilities under K.S.A. 59-3078 in determining if he should be discharged as conservator."

The district court then went through each of Carl's allegations and explained its rationale for not removing Wayne as conservator.

First, Carl claimed Wayne's petition for approval of accounting and payment of fees and expenses was deficient and demonstrates Wayne cannot or will not conform to the duties imposed on a conservator by Kansas law. Carl also claimed Wayne failed to submit a final accounting for the time period during which he served as temporary conservator in Gove County case No. 10-P-10. The district court found that while Wayne did not file a final accounting in the format set out by the Kansas Judicial Council, he did file financial records and supporting documentation which he designated as an

4

accounting covering the time period he served as temporary guardian and conservator. The district court found there was no evidence or implication Wayne's accounting was incomplete, that he had converted property of Rosa's into his, or that he was not acting in her best interests.

Second, Carl argues Wayne failed to disclose that he had loaned Rosa money, constituting a conflict of interest. The district court found that while it was true Wayne had loaned Rosa money without the district court's prior approval, he loaned her the money to help with medical bills and to avoid cashing out various CDs early, thus incurring penalties. Wayne agreed to waive any interest on the loan and there was no evidence the loan was not in Rosa's best interest. Again, the evidence reflected there was a sound and logical reason for Wayne's actions as he managed the conservator estate.

Third, Carl asserts various instances Wayne failed to perform his obligations under K.S.A. 59-3078, including: (1) Failing to open a new bank account for Rosa when he became conservator; (2) failing to seek approval of the district court before entering into a 3-year mineral lease on Rosa's behalf; (3) continuing Rosa's current leases of a home in Manter and her farm; (4) selling Rosa's car; (5) failing to file a special report each time Rosa changed residences; (6) failing to submit an accurate accounting in the correct format to the district court; and (7) failing to address the money Carl borrowed from his mother in the past and Carl's current obligation on these loans to the conservatorship estate.

The district court found that while Wayne had not opened a new bank account, he had acted on the advice of his banker and his attorney. There was no evidence Wayne misused the account or that Rosa suffered any economic loss. The evidence also demonstrated Wayne had saved the conservatorship money by continuing to use Rosa's current bank account and checks she had already paid for. As to the leases entered, the district court found there was no evidence the leases were for less than fair market value

5

and Rosa was involved in the decisions and negotiations. As for selling Rosa's personal vehicle, the district court found Wayne sold the vehicle for fair market value in order to purchase a handicap accessible van for Rosa.

While we recognize Carl complains Wayne has moved their mother without filing a new report on her placement, that complaint lies with the obligation of a guardian, not a conservator. Likewise, Carl complains Wayne has not dealt with the money Carl borrowed from their mother and Carl's ongoing obligation to his mother for those loans. If the loans are still assets of the conservatorship, it is one of those issues Wayne can address in the near future for the benefit of Rosa's conservatorship estate.

Fourth, Carl alleges Wayne failed to disclose an agreement he had with Rosa to purchase an airplane he had been leasing. The district court found Rosa and Wayne had the arrangement in place for many years starting in the late 1990's prior to Wayne becoming conservator, and it was always Rosa's intent that when the airplane was paid off, Wayne would be the owner. The record reflects this agreement was entered into long ago on the advice of Rosa's attorney and, even when the airplane was traded in for a new airplane, the agreement remained the same as it provided tax benefits to both Rosa and Wayne in the way the lease/purchase agreement was structured.

Fifth, Carl asserts Wayne has failed to preserve Rosa's interest in real estate in Belize she jointly owned with Wayne, Carl, and Larry Myers, now deceased. The district court found it was clear from the evidence Carl lived in Belize, was the manager of the property, was responsible for paying the taxes on the property, and that Carl had failed to provide any income and expense reports to any of the joint tenants for many years. Wayne testified it was his goal to get the real estate out of joint tenancy so that Rosa's interest would be preserved at her death. However, the parties currently understand that under Belize law, all four joint tenants have to agree to terminate joint tenancy, and Wayne could not get Carl to agree. At trial, Carl stated he would not agree to terminate

the joint tenancy. The record reflects the other three joint tenants were in agreement with changing how title to the land was held. Thus, Wayne was attempting to preserve Rosa's interest; however, Carl was preventing that from occurring by not agreeing to a change in how the title to the Belize land was held. At oral argument, both parties acknowledged an action is now pending in Belize to address how to fix the manner in which each individual owner holds title to the land.

The district court's decisions were well thought out with a careful analysis of all the issues raised by Carl. The district court's ruling was not arbitrary, fanciful, or unreasonable and was not based on an error of fact or law. The district court did not abuse its discretion in approving Wayne's acts as conservator and by retaining Wayne as conservator. The district court directed Wayne to review the rules governing conservators as he managed Rosa's conservatorship from that point forward. We agree with the district court's recommendation for Wayne to review the rules governing the action of conservators and for him to take no action as conservator to lease or sell any of Rosa's property in the future without prior approval by the Trego County District Court.

Finally, in his brief, Carl asks this court to order the payment of his attorney fees. This request does not meet the requirements of Kansas Supreme Court Rule 7.07(b)(2): "A motion for attorney fees on appeal must be made under Rule 5.01 and be filed not later than 14 days after oral argument." (2014 Kan. Ct. R. Annot. 71). No timely motion was filed by Carl pursuant to Kansas Supreme Court Rule 5.01 (2014 Kan. Ct. R. Annot. 34). Carl's request for attorney fees is denied.

Affirmed in part and denied in part.